IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOANN VALENZUELA, | § |
| Plaintiff, | § § § |
| v. | §  Civil Action No. 24-402 |
| GHOST CITY TOURS HOLDING, LLC AND GHOST CITY TOURS OF TEXAS, LLC. | § § § § |
| Defendants. | § § |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff JoAnn Valenzuela files this Original Complaint and Jury Demand against Defendants Ghost City Tours Holding, LLC and Ghost City Tours of Texas, LLC, and shows the following:

### Introduction

1. This is an action for unpaid wages and retaliatory discharge under the Fair Labor Standards Act. Plaintiff JoAnn Valenzuela was formerly employed by Defendants Ghost City Tours Holding, LLC and Ghost City Tours of Texas, LLC as tour guide from January 3, 2024 until March 5, 2024 when she was fired because Defendants learned that Plaintiff had made a complaint of wage and hour violations with the U.S. Department of Labor—Wage and Hour Division.

### Parties

2. Plaintiff JoAnn Valenzuela is an individual residing in San Antonio, Texas. She may be served with papers through the undersigned counsel.

3. Defendant Ghost City Tours Holding, LLC is a limited liability company organized under the laws of the State of Louisiana. This Defendant is not currently registered to do business in the State of Texas, having suffered forfeiture pursuant to Section 171.309 of the Texas Tax Code on June 24, 2022. However, according to the Louisiana Secretary of State, it maintains its principal place of business at 19349 North 12th St., Covington, Louisiana. It may be served through its registered agent, Bailey D. Morse, at Jones Fussell, LLP, 1001 Highway 190 East Service Rd. #103, Covington Louisiana 70433.

4. Defendant Ghost City Tours of Texas, LLC. is a limited liability company organized under the laws of the State of Louisiana. Its principal place of business is listed with the Texas Secretary of State as 5900 Balcones Drive Suite 100, Austin, Texas 78731. It may be served with process through its registered agent, Registered Agents, Inc., at 5900 Balcones Drive Suite 100, Austin, Texas 78731.

5. Defendants are an integrated enterprise. Defendant Ghost City Tours Holding, LLC is the managing member of Defendant Ghost City Tours of Texas, LLC and of various other Ghost City Tours in nineteen cities across the United States. Defendants share the same management and human resources personnel. According to the "Ghost City Tours" website, which advertises for each and every one of the Ghost City Tours entities, Timothy Nealon is the Founder and Chief Executive Officer. Allison Jarrell, who signed Plaintiff's employment agreement on behalf of Ghost City Tours Holding, LLC, is the "Guide Personnel Manager."

**Jurisdiction and Venue**

6. The Court possesses subject matter jurisdiction over this case because Plaintiff's claims arise under the Fair Labor Standards Act, a federal statute. The Court possesses personal jurisdiction over Defendant because Defendant does business continuously in the State of

Texas. Venue is proper in the Western District of Texas because all of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District.

## Statement of Facts

7. According to the official "Ghost City Tours" website, www.ghostcitytours.com, Ghost City Tours is "the World's #1 Ghost Tour Company with over 600,000 guests per year and almost 6,000,000 since 2012." It operates ghost tours in nineteen different cities across the United States. Ghost City Tours advertises for its tours across various social media platforms, including Facebook, Twitter, Pinterest, and also on YouTube.

8. On January 3, 2024, Plaintiff was interviewed by Defendants' recruiter, Katina ArcherFair, over the phone. Upon information and belief, Ms. ArcherFair recruited on behalf of all of the Ghost City Tours entities. Ms. ArcherFair offered Plaintiff a tour guide position paying 50 dollars per hour plus tips and a retention bonus after her third and seventh solo tour. Ms. ArcherFair also informed Plaintiff that she would receive the same rate of pay throughout her training and would be compensated upon her completion of the training.

9. Plaintiff accepted the offer of employment and commenced her employment with Defendant on 'January 8, 2024. She signed a Nondisclosure and Confidentiality Agreement

10. From January 8 to January 28, Plaintiff completed eight two-hour training sessions and a four-hour shadowing training session.

11. On February 2, 2024, Plaintiff completed her first solo tour. The following day, Plaintiff confirmed with Ms. ArcherFair via email that her training sessions and tour had been recorded so that payroll could process her first check. Ms. ArcherFair informed Plaintiff that she would not be compensated for any of her training, which amounted to more than 20 hours. Plaintiff reminded Ms. ArcherFair that in her interview it was discussed that the training sessions would be

paid. Ms. ArcherFair said that there was a misunderstanding and asked Plaintiff if she was giving her resignation notice. Plaintiff expressed that she would not be resigning.

12. On February 5, 2024, Plaintiff submitted an online complaint to the Department of Labor – Wage and Hour Division. In Plaintiff's complaint, she mentioned that she, as well as another new hire, was not paid for her training sessions. The DOL would process this as a complaint for minimum wage violations.

13. On February 23, 2024, Plaintiff was contacted by Jessica Getty from the Department of Labor – Wage and Hour Division to discuss her online complaint. Ms. Getty asked Plaintiff if she could share her name when she gets in contact with Defendant. Plaintiff agreed to this.

14. On March 1, 2024, Ms. Getty informed Plaintiff that she had been able to reach Defendant and that she (Ms. Getty) had disclosed to Defendants that Plaintiff had filed a wage and hour complaint with the USDOL.

15. On March 5, 2024, Plaintiff was terminated by her manager "due to recent events" and informed that her cause for termination was a question for human resources. When Plaintiff sought additional explanation from Human Resources, the Human Resources representative "ghosted" her and did not respond.

**Cause of Action: Retaliatory Discharge Under the FLSA**

16. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 15 supra.

17. As discussed in Paragraph 5 supra, Defendants constitute an integrated enterprise. Additionally, Plaintiff was jointly employed by both Defendants. Plaintiff was paid by Defendant Ghost City Tours of Texas, LLC. and received pay stubs from this Defendant. However, the Nondisclosure and Confidentiality Agreement signed by Plaintiff at the commencement of her

employment states that she is employed directly by Defendant Ghost City Tours Holding, LLC: "this Non-Disclosure and Confidentiality Agreement applies to all Ghost City Tours/Revelry Tours trainees and employees, a wholly-owned subsidiary of Ghost City Tours Holding, LLC. Ghost City Tours Holding, LLC is the legal entity that employs San Antonio, TX staff."

18. At all times relevant to this lawsuit, Defendants employed more than two employees and continuously engaged in interstate commerce by, among other things, advertising on the worldwide web to a worldwide audience, doing business in various cities across the United States, and booking tours and processing credit card payments for tours on the Defendants' website.

19. Plaintiff was employed as a non-exempt employee guiding tours on behalf of Defendants for an hourly wage. Defendants violated the minimum wage provisions of the FLSA when they refused to pay Plaintiff for any of hours she spent in mandatory training before she was allowed to guide tours.

20. Plaintiff engaged in protected activity under the FLSA when, on or about February 5, 2024, she filed an online complaint to the Department of Labor – Wage and Hour Division to complain that Defendant was not paying her for the mandatory training.

21. On February 23, 2024, Plaintiff was contacted by Jessica Getty from the Department of Labor – Wage and Hour Division to discuss her online complaint. Ms. Getty asked Plaintiff if she could share her name when she gets in contact with Defendant. Plaintiff agreed to this.

22. On or about March 1, 2024, Ms. Getty informed Plaintiff that she had been able to reach Defendant and that she (Ms. Getty) had informed Defendant that Plaintiff had filed a wage and hour complaint against Defendants.

23. A couple of days later, on March 5, 2024, Plaintiff was terminated by her manager "due to recent events" and told that her cause for termination was a question for human resources. When Plaintiff reached out to the human resources person, Plaintiff was ghosted and deleted from the Slack communications board.

24. Plaintiff pleads that Defendant discharged her from employment in retaliation for her protected complaint. As a result of this illegal discharge from employment, Plaintiff has suffered lost wages as well as emotional distress, mental anguish, humiliation, and embarrassment. Plaintiff now sues for these damages as well as an equal amount in liquidated damages. Because Plaintiff has had to retain legal counsel to vindicate her rights under the FLSA, Plaintiff also is entitled to an award of attorney fees.

## Jury Demand

25. Plaintiff demands a trial by jury.

## Conclusion and Prayer

26. Plaintiff prays that upon final judgment she be awarded the following:

   a) Unpaid wages, including unpaid overtime;

   b) An equal amount in liquidated damages;

   c) Compensatory damages for emotional distress, mental anguish, humiliation, and embarrassment;

   d) Attorney fees and costs of court;

   e) All other relief to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Michael V. Galo, Jr.*
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone -- 210.616.9800
Facsimile -- 210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
JOANN VALENZUELA