IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOANN VALENZUELA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO.: 24-cv-00402-JKP |
| § | |
| GHOST CITY TOURS HOLDING, LLC., § | |
| AND GHOST CITY TOURS OF TEXAS, § | |
| LLC § | |
| § | |
| Defendants. § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Ghost City Tours Holding, LLC ("Holding Company") and Ghost City Tours of Texas, LLC ("Ghost City Tours of Texas") (Holding Company and Ghost City Tours of Texas, collectively "Defendants") file this Original Answer to Plaintiff's Original Complaint filed by Plaintiff Joann Valenzuela ("Plaintiff"). Defendants deny any allegation not specifically admitted and deny all allegations for which they lack knowledge or information to form a belief about the truth of the allegation. *See* FED. R. CIV. P. 8(b)(3) and 8(b)(5). Defendants answer as follows:

## INTRODUCTION

1.  The first sentence in Paragraph 1 states a legal conclusion. As such, no answer is required. The second sentence states Plaintiff was "formerly employed" by Holding Company and Ghost City Tours of Texas, which is a legal conclusion. As such, no answer is required. To the extent a response is required, Defendants deny Plaintiff was formerly employed by Holding Company. Defendants deny the remaining allegations in Paragraph 1 in their entirety.

## PARTIES

2.  Defendants lack information to admit or deny fact allegations of Plaintiff's current residence and therefore deny the allegations in paragraph 2.

3.  Defendants admit that Holding Company is a limited liability company organized under the laws of the state of Louisiana. Defendants admit that Holding Company has been properly served. Defendants admit that Holding Company has been reinstated as of June 3, 2024. Defendants deny the remaining allegations of paragraph 3.

4.  Defendants admit Ghost City Tours of Texas, LLC is a limited liability company organized under the laws of the State of Texas. Defendants admit that Ghost City Tours of Texas has been properly served.

5.  The first sentence in Paragraph 5 states a legal conclusion. As such, no answer is required. Defendants admit Holding Company is a managing member of Ghost City Tours of Texas. Defendants admit that some Holding Company employees provide services for Ghost City Tours of Texas. Defendants admit that Timothy Nealon is the CEO of Ghost City Tours of Texas. Defendants further admit that Allison Jarrell is the Guide Personnel Manager. Defendants deny the remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

6.  Defendants admit the Court possesses subject matter jurisdiction over this case because Plaintiff's claims arise under the Fair Labor Standards Act, a federal statute. Defendants admit that Ghost City Tours of Texas maintains regular business operations in Texas and regularly conducts business in the State of Texas. Defendants further admit that Plaintiff was employed with Ghost City Tours of Texas and provided tours in San Antonio, Texas. Defendants deny that Holding Company maintained regular business operations in Texas, regularly conducted business in the State of Texas, or employed Plaintiff. Defendants admit that venue is proper in the Western District of Texas. The rest of paragraph 6 contains only legal conclusions, and as such, no answer is required.

## STATEMENT OF FACTS

7. Defendants admit that the website www.ghostcitytours.com makes statements and that the website itself is the best evidence of such statements. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was interviewed on January 3, 2024, by Katina ArcherFair over the phone. Defendants deny the remaining allegations in paragraph 8.

9. Defendants admit Plaintiff signed a Nondisclosure and Confidentiality Agreement. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit that Plaintiff, as well as other members of the public, attended Ghost City Tours of Texas's public tour guide training classes which are offered to members of the public. Defendants admit that on January 22, 2024, Plaintiff was provided with an offer letter, in which she acknowledged that her "employment will commence upon completion of your first solo tour and submission of your tour numbers via the report form required for payroll." Plaintiff executed and returned this offer letter. Defendants deny the remaining allegations in paragraph 10, if any.

11. Defendants admit Plaintiff completed her first solo tour on February 2, 2024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis deny these allegations.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and on that basis deny these allegations.

14. Ghost City Tours of Texas was not contacted by the Department of Labor until March 5, 2024; therefore, Ms. Getty's statement, if made, is not true. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and on that basis deny these allegations.

15. Defendants admit that Plaintiff was terminated by Nicholas Saavedra on March 1, 2024, because she failed to appear for two scheduled shifts, one on February 28, 2024, and one on March 1, 2024. Defendants deny the remaining allegations in paragraph 15.

**CAUSE OF ACTION – RETALIATORY DISCHARGE UNDER THE FLSA**

16. Defendants incorporate by reference Paragraphs 1 through 15 supra. To the extent a response is required, deny.

17. The first sentence in paragraph 17 states a legal conclusion. As such, no answer is required. To the extent a response is required, deny. Defendants admit Plaintiff was paid by Ghost City Tours of Texas. Defendants admit that Plaintiff signed a Nondisclosure and Confidentiality Agreement and that it is correctly quoted. Defendants deny any remaining allegations, if any.

18. Defendants admit that each Defendant employed more than two employees. Ghost City Tours of Texas denies that it engages in interstate commerce as it provides local tours solely within the State of Texas.

19. Ghost City Tours of Texas admits Plaintiff was employed as a non-exempt employee guiding tours. Ghost City Tours of Texas denies that it violated the minimum wage provision of the FLSA. The remaining allegations in this paragraph state a legal conclusion. As such, no answer is required. To the extent a response is required, deny.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis deny these allegations. To the extent the

allegations in this paragraph state a legal conclusion, no answer is required. To the extent a response is required, Defendants deny these allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis deny these allegations.

22. Ghost City Tours of Texas was not contacted by the Department of Labor until March 5, 2024; therefore, Ms. Getty's statement, if made, is not true. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis deny these allegations in their entirety.

23. Defendants admit that Plaintiff was terminated by Nicholas Saavedra on March 1, 2024, because she failed to appear for two scheduled shifts, one on February 28, 2024, and one on March 1, 2024. Defendants deny the remaining allegations in paragraph 23 in their entirety.

24. Defendants admit that Plaintiff was terminated because she failed to appear for her two scheduled shifts. Defendants deny that Plaintiff has suffered any harm, emotional or otherwise, from being terminated for refusing to show up to work on consecutive days. The remaining allegations in this paragraph state a legal conclusion. As such, no answer is required. To the extent a response is required, deny.

## JURY DEMAND

25. Defendants admit Plaintiff has demanded a trial by jury.

## CONCLUSION AND PRAYER

26. The allegations in this paragraph state legal conclusions. As such, no answer is required. To the extent a response is required, deny.

## AFFIRMATIVE AND OTHER DEFENSES

As further and separate defenses and affirmative defenses, without assuming the burden of proof of any such defense that would otherwise rest with Plaintiff, Defendants assert the following:

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

3. Any amount that Plaintiff claims is due and owed to her for lost wages and/or front pay must be offset by the amount of wages or benefits Plaintiff received (including unemployment compensation benefits, if any) or which, through the exercise of reasonable diligence, she could have received, during the period for which lost wages and/or front pay are sought by Plaintiff.

4. Plaintiff's claims are barred because Defendants' decision to terminate Plaintiff was made solely for legitimate reasons.

5. Plaintiff's claims are barred because Defendants would have taken all employment actions regardless of whether Plaintiff engaged in any protected activity.

6. Plaintiff's claims are barred because there is no causal connection between Plaintiff's protected activity and Defendants' employment actions.

7. Plaintiff's claims are barred because Plaintiff's employment status was at-will and Plaintiff could be terminated at any time, with or without cause.

8. Plaintiff is not entitled to liquidated damages because Defendants have not engaged in any willful conduct, or with reckless indifference and have acted in good faith and with a reasonable belief that their actions were compliant with the FLSA.

9. Plaintiff's claims are barred, in whole or in part, because Defendants relied in good faith on the Administrator's rulings.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

11. Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

Respectfully submitted,

BOULETTE GOLDEN & MARIN L.L.P.

By:   */s/ Steven Garrett*
    Steven H. Garrett
    State Bar No. 24073473
    steven@boulettegolden.com
    Tori B. Bell
    State Bar No. 24120766
    tori@boulettegolden.com

BOULETTE GOLDEN & MARIN L.L.P.
2700 Via Fortuna, Suite 250
Austin, Texas 78746
Tel: (512) 732-8903
Fax: (512) 551-9602

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that on June 24, 2024, I served a true and correct copy of the foregoing via the Court's CM/ECF system to:

Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229

ATTORNEYS FOR PLAINTIFF

                                          */s/ Steven Garrett*
                                          Counsel for Defendant